[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON VARIOUS MOTIONS OF PLAINTIFF AND DEFENDANT
A. Defendant's Motion for Modification of Child Support
On July 28, 1995 this Court dissolved the marriage of the parties and, inter alia, ordered that defendant pay plaintiff as support for their minor child the sum of $125 per week. Defendant now seeks a modification and decrease in the amount of said support claiming both a substantial change in his financial circumstances and the introduction of new child support guidelines.
Defendant's financial affidavit filed at the time of the decree of dissolution indicated a net weekly income of $396 while plaintiff's affidavit showed plaintiff to be unemployed and without income.
Defendant's current affidavit shows a gross weekly income of $478 and a weekly net of $363. Plaintiff's current affidavit reveals a weekly net of $280. However, her child support worksheet indicates her weekly net income to be $301 and the Court will use the latter amount in making its decision.
The crucial question on this issue is whether or not defendant is underemployed. He is earning $33 less per week now then he did five years ago at a time when wages almost without exception have been increasing. At the present time he describes his employment as that of a subcontractor or chauffeur for Castle Sedan, driving either the company limousine or his own new car while transporting passengers to airports in New York or Massachusetts. This is apparently not a thriving business. Defendant stated that in February of this year he worked seven days and "on the other days I get my car ready and sit and wait."
On his revised child support worksheet, defendant reports a net weekly income of $299 and a recommended weekly support order of $60. Plaintiff's worksheet estimates defendant's weekly net income as $603 and recommends a weekly support order of $106. These conflicting views of defendant's present as well as potential income both find support in the record. Defendant's counsel argues that "$550 per week is defendant's earning capacity under the worst case scenario while plaintiff's attorney states that "I considered what defendant would earn at forty hours per week. He indicated in other jobs he earned $600 per week."
This Court is persuaded by the evidence to adopt the view that its financial awards should be based on defendant's earning capacity rather CT Page 7624 than his stated income. See Paddock v. Paddock, 22 C.A. 367, 371 (1990).
Employing plaintiff's child support worksheet and also by crediting defendant with $86 in health premiums for other than the minor child, it is determined that defendant shall pay plaintiff as child support the sum of $91 per week.
B. Plaintiff's Motion for Contempt
On March 29, 2000 plaintiff filed with this Court a Motion for Contempt claiming that defendant was in arrears in his child support payments. She also seeks reasonable attorney's fees incurred in connection with these pleadings as well as a finding that defendant was in contempt Defendant has subsequently brought himself current in child support payments.
Defendant now argues that his failure to make the ordered payments was unintentional rather than wilful and that such being the case there can be no finding of contempt or order concerning counsel fees.
The defendant is correct in stating that his inability to comply with the Court's child support order through no fault of his won is a good defense on the issue of contempt. It is noted, however, that defendant's request for modification was filed subsequent to plaintiff's motion for contempt (April 14, 2000 as opposed to March 29, 2000). Under such circumstances, the Court is persuaded by the ruling in Mallory v.Mallory, 207 Conn. 48, 57 (1988) and finds defendant in contempt in regard to child support payments not made prior to his motion for modification.
Further defendant is ordered to pay plaintiff $350 in attorneys fees as well as $34 in costs incurred by plaintiff in filing this motion.
C. Child Dependency Tax Exemptions
At the present time the parties are alternating yearly the I.R.S. child dependency exemption for their minor child. Plaintiff now seeks to have the exemption every year, claiming a substantial change in circumstances. The Courts is not persuaded that defendant's becoming the father of twins subsequent to the dissolution with the accompanying two additional deductions is sufficient reason to deprive him of the exemption in question on alternate years.
Plaintiff's Motion is Denied.
BY THE COURT CT Page 7625
John D. Brennan Judge Trial Referee